UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80789-RLR

MARIO SALVATORE DOMENICO PECORARO,

    Plaintiff,

vs.

SYNOVUS BANK,
EXPERIAN INFORMATION SOLUTIONS, INC.,
ADVANCED CALL CENTER TECHNOLOGIES, LLC,

    Defendants.

_____/

### REPORT AND RECOMMENDATION ON MOTION TO COMPEL ARBITRATION [ECF No. 42]

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act by not taking proper steps after he reported that his identity had been stolen. ECF No. 36. Defendant Experian Information Solutions, Inc., ("EIS") moves to compel arbitration and to stay the case pending arbitration. ECF No. 42. It says that Plaintiff was a member of CreditWorks "a credit monitoring membership with EIS's affiliate, ConsumerInfo.com, Inc." ("CIC"), whose terms of service require arbitration. *Id*. at 3. Plaintiff responds that EIS has not shown through proper evidence that he contracted with EIS or CIC. ECF No. 48.

    I.    LEGAL PRINCIPLES

"The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Tracfone Wireless, Inc. v.*

*Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017) (J. Moreno) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).

> Because a factual Rule 12(b)(1) motion challenges the court's power to hear the claim, the court must closely examine the plaintiff's factual allegations and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." The court is not limited to the four corners of the complaint, and it may consider materials outside of the pleadings to determine whether or not it has jurisdiction. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating itself the merits of jurisdictional claims."

*Vulpis v. Credit Acceptance Corp.*, No. 16-61200-CIV, 2016 WL 10932954, at *2 (S.D. Fla. Sept. 22, 2016) (J. Williams) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). As the party asserting that this Court has jurisdiction, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Griggs v. Kenworth of Montgomery, Inc.*, 775 F. App'x 608, 612 (11th Cir. 2019) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91, (2000)); *see Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (J. Altonaga) ("The party opposing a motion to compel arbitration . . . 'has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration.'").

It is well settled that "[f]ederal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of arbitration agreements." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citing *Perry v. Thomas*, 482 U.S. 483 (1987)). Under the Federal Arbitration Act ("FAA"), "no party can be compelled to arbitrate unless that

2

party has entered into an agreement to do so." *Employers Ins. of Wausau*, 251 F.3d at 1322.

The FAA "reflect[s] both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2001)). "Where the parties have agreed to arbitrate their dispute, the job of the courts – indeed, the obligation – is to enforce the agreement." *Id.* (citing *Stolt v. Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 682 (2010)). "At the same time, courts may not require arbitration beyond the scope of the contractual agreement, because 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

## II.     DISCUSSION

The Amended Complaint alleges that Mr. Pecoraro learned in or about July 2022 that his identity had been stolen. ¶49. Four times between July 21, 2022, and October 18, 2022, he notified EIS that he disputed entries on his credit report. ¶57. His dispute was not properly resolved until March 24, 2023. ¶84. He claims that EIS's failure to address his dispute violated the FCRA.

As the factual basis for its Motion to Compel Arbitration, EIS relies on an affidavit from David Williams, the Vice President, Business Governance for CIC. ECF No. 42-1 ("Williams Affidavit").

The Williams Affidavit swears to the following relevant facts:

- CIC does business as Experian Consumer Services ("ECS").

- EIS is a sister company to CIC/ECS. Both are wholly-owned subsidiaries of Experian Holdings, Inc.

- CIC's business records reflect that Mr. Pecoraro enrolled in CreditWorks in June 2020 through an online process. A necessary part of that process was that he accept CreditWorks' Terms of Use Agreement.

- CIC's business records reflect that Mr. Pecoraro retained his membership in CreditWorks continuously through May 2023.

- CIC's business records reflect that Mr. Pecoraro re-enrolled in CreditWorks in August 2023, after this lawsuit was filed. He once again had to accept the Terms of Use Agreement.

- The February 2, 2023, version of the Terms of Use Agreement required arbitration of "all disputes and claims between us arising out of or relating to this Agreement to the maximum extent permitted by law." ECF No. 42-1 at 34. It defined "us" to mean "you and ECS." It further defines ECS to include CIC, "its predecessors in interest, successors and assigns, affiliates (including but not limited to, Experian Information Solution, Inc.), agents, [and] employees. ECF No. 42-1 at 28, 34.

- The April 3, 2023, and July 31, 2023, versions of the Terms of Use Agreement specifically identified EIS as an "affiliate" covered by the arbitration agreement. ECF No. 42-1 at 75, 82. 129, 133.

Mr. Pecoraro argues, "Experian fails to show that Plaintiff entered into a contract with Experian or ConsumerInfo.com ('CIC'), under which Experian claims Plaintiff is required to proceed in arbitration." ECF No. 48 at 1. He argues that the Williams Affidavit is insufficient because it "fails to attach any evidence establishing that Plaintiff enrolled with CIC." *Id*. EIS responds that the Williams Affidavit is based on personal knowledge about company operations and a review of CIC business records.

For the reasons stated in EIS's Reply, the Williams Affidavit is competent evidence to show that Mr. Pecoraro accepted the Terms of Service Agreements that were in effect between July 2021 and March 2023. *See* ECF No. 49. Those Agreements require him to arbitrate his FCRA claim against EIS. Mr. Pecoraro offers no contrary evidence. He has failed to meet his burden of proving that he did not agree to arbitrate his FCRA claim.

Mr. Pecoraro also argues that the Williams Affidavit should be disregarded because it is not notarized. He does not cite any authority for the proposition that notarization is required. Although the affidavit is not notarized, it contains the following jurat, "I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct." ECF No. 42 at 6. This jurat meets the requirements of 28 U.S.C. §1746, which gives an unsworn declaration the same legal effect as a sworn one. And, this kind of declaration is properly considered in resolving a jurisdictional motion. *See* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits.").

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Compel Arbitration.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of December 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE